## C. W. AMENT v. LOTTIE G. LOWENTHALL.

1. CONVERSION—*Limitation of Action—Pleadings.*   Where an action is brought for the unlawful conversion of personal property, and the petition is somewhat indefinite as to the time of such conversion, which is material in the case, and a motion is made by the defendant to compel the plaintiff to state the exact date of conversion, and such motion is overruled, and the plaintiff and defendant both offer evidence as to whether the action was commenced in time, and the defendant, at the close of plaintiff's testimony and before offering his evidence, asks leave to file a supplemental answer raising the question of the statute of limitations, but this is overruled, and thereafter questions are submitted to the jury as to when the action accrued, and of the date and service of the summons, *held,* that the case must be regarded as having been tried as if the statute of limitations were involved, or that the refusal of the trial court to permit the plea of the statute of limitations to be filed was, under the circumstances, an abuse of discretion.

2. ——— *Computation of Time.*   The time that a defendant is out of the state after a cause of action has accrued against him cannot be computed as any part of the period within which the action must be brought.

*Error from Shawnee District Court.*

ACTION for conversion.   December 12, 1889, plaintiff, *Lowenthall,* had judgment, and defendant, *Ament,* comes here. The opinion states the facts.

*Waters & Waters,* for plaintiff in error.

*S. B. Isenhart,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Mrs. Lottie G. Lowenthall brought her action against C. W. Ament for the unlawful conversion of certain personal property, and recovered judgment against him for $894.75, which judgment is sought to be reversed. Ament loaned money to the husband of Mrs. Lowenthall, who stated he was the owner of the goods, and Ament held the same under a chattel mortgage executed by the husband. The goods belonged to Mrs. Lowenthall, and the mortgage was executed by her husband without her knowledge or consent.

The serious trouble in the case is over the statute of limitations. The jury found specially that the cause of action accrued to the plaintiff, Mrs. Lowenthall, in February, 1885. The petition was filed December 8, 1886, but the only service on the defendant was made on March 28, 1887, more than two years after the action accrued to the plaintiff, according to the special finding of the jury. It is true that the jury also found that the summons was served on March 26, 1886, but this is contrary to all of the evidence. It is admitted that the petition was not filed until December 8, 1886, and, therefore, the summons could not have been served in March, 1886, about 10 months prior to the filing of the petition. But as the evidence shows the service of summons was made on March 28, 1887, this, in the absence of any other evidence to the contrary, is conclusive. A civil action is not commenced by merely filing the petition, but a summons must be issued thereon and be served as prescribed by the statute. The petition alleged the conversion, as follows:

"All of which said goods and chattels, afterward and on the —— day of ——, A. D. 1885, came into the unlawful possession of said defendant, and the said defendant, contriving to injure said plaintiff, did, afterwards, on the said ——

day of ——— A. D. 1885, unlawfully and wrongfully convert the said goods and chattels, of the value of $2,500, to his own use and benefit."

At the proper time, Ament moved the court to require the plaintiff to state when he unlawfully and wrongfully converted the goods to his own use. The court overruled the motion and he excepted. After the plaintiff below had offered her evidence, the defendant demurred thereto. This was overruled by the trial court. Thereupon the defendant asked leave to file an amended or supplemental answer pleading the two-years statute of limitations. (Civil Code, § 18, subdiv. 3.) This was overruled, and the defendant excepted.

Although the court refused to allow the plea of the statute of limitations to be filed, yet during the trial there was evidence offered by both the parties as to whether the action was barred or not. The plaintiff, in representing her case to the jury, introduced Ament as a witness, and attempted to show by him that he was absent from the state in 1885 and 1886. The defendant was permitted to show when the service of the summons was made upon him. The court, in receiving such evidence and submitting to the jury questions as to when the action accrued, when the petition was filed, and the date and service of the summons, treated the case as though the statute of limitations was involved. Under all the circumstances, we think the case should be regarded as having been tried upon the theory as to whether the action was brought within time, or else that the trial court abused its discretion in not permitting the supplemental answer to be filed raising the question of the statute of limitations. In this state, statutes of limitation are regarded as statutes of repose, and therefore are favorably considered. (*Sibert v. Wilder*, 16 Kas. 176.)

Upon another hearing, the answer may be so amended as to fairly present the question whether this action was commenced within time. In its instructions, the court should fully charge the jury upon that issue. Of course, we do not intend, by anything said in this opinion, to imply that the action was actually barred at the time of its commencement. The

jury, under proper instructions of the court, will be enabled to intelligently determine that question. We cannot render judgment upon the findings of fact, because, although the jury found that the date of conversion was February, 1885, they further found, (incorrectly, however,) that the date of summons and the service thereof was made on March 26, 1886. Further than this, there was some evidence tending to show that Ament was out of the state for a brief time after the cause of action accrued. The exact time that he was absent the jury did not determine. If the action accrued the last of February, 1885, it is possible that Ament was out of the state a sufficient length of time for the action to have been brought within the statute, even if the jury were correct in the finding that the conversion took place in February, 1885. The time of his absence cannot be computed as any part of the period within which the action must be brought. (Civil Code, § 21.)

The judgment will be reversed, and a new trial awarded.

All the Justices concurring.