THE FOSTER-CHERRY COMMISSION COMPANY v. JOHN
CASKEY *et al.*
No. 13,036.   (72 Pac. 268.)

SYLLABUS BY THE COURT.

TAXATION — *Capital Stock of Corporations.* The capital stock of
a corporation is subject to taxation only in the state of its domi-
cile. It cannot be taxed in another state, notwithstanding its
principal business is conducted in such other state. Only its tan-
gible property situated in the state where such business is con-
ducted is subject to taxation therein.

Error from Wyandotte court of common pleas;
WILLIAM G. HOLT, judge. Opinion filed April 11,
1903. Reversed.

*Silas Porter,* and *Miller, Buchan & Morris,* for plain-
tiff in error.

*James S. Gibson,* county attorney, and *B. S. Smith,*
for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff in error was incorporated
under the laws of Missouri, and maintains its general
office in that state. It has a paid-up capital of
$24,000, owned equally by three shareholders, who
also reside in Missouri. It was incorporated to pur-
chase and sell live stock on commission. It maintains
a business office in the Exchange building at the
Kansas City stock-yards in Kansas. The capital
stock of this corporation was assessed at $8000 for
the year 1900, in Wyandotte county, and placed on
the tax-roll of that county for that year. Application
was made to the board of equalization to rebate this
tax for the reason that its capital stock was not tax-
able in Kansas. This application was refused. The
plaintiff in error instituted this suit in the court be-

low perpetually to enjoin the county from attempting
to collect such tax.   The case was tried on a stipula-
tion between the parties, and judgment rendered de-
nying the injunction.

Under this stipulation, the only question deter-
mined by the court below, and the only one reserved
for our determination, is, Can the capital stock of a
foreign corporation, whose general office is in another
state wherein all its stockholders and officers reside,
its elections held, its seal kept, and all official and
corporate business transacted, but which maintains a
business office in this state in which the business for
which the corporation was organized is conducted, be
assessed and taxed in this state?   Do these facts vest
in the sovereignty of Kansas jurisdiction over the
capital stock of such corporation?

A state may tax all property over which its sov-
ereign power extends, but it is powerless to extend its
taxing power over property not within its jurisdic-
tion.   Our statute provides for the taxation of all
property in the state not exempt therefrom, and it
also defines personal property as including "the capi-
tal stock, undivided profits and all other assets of
any company, incorporated or unincorporated, and
every share or interest in such stock."   It must be
determined, therefore, whether the business office
maintained in Kansas City constructively draws to it
the capital stock of the corporation.

It was said in *St. Louis v. The Ferry Company*, 11
Wall. 423, 429, 20 L. Ed. 192:

"In the jurisprudence of the United States a cor-
poration is regarded as in effect a citizen of the state
which created it.   It has no faculty to emigrate.   It
can exercise its franchise extraterritorially only so far
as may be permitted by the policy or comity of other
sovereignties."

Early in the history of this court it was held :

"A corporation is an artificial being, and can have no legal existence out of the boundaries of the sovereignty by which it is created. It must dwell in the place of its creation, and cannot migrate to another sovereignty." (*Land Grant Railway v. Com'rs of Coffey County*, 6 Kan. 245 )

In *Commonwealth v. Standard Oil Co.*, 101 Pa. St. 119, 147, wherein it was sought to tax the capital stock of an Ohio corporation in Pennsylvania, the court, discussing the question, said : "A foreign corporation has no domicile here, and can have none."

Some color has been given to the idea that the capital stock of a corporation may be taxed outside the domicile of the corporation by language carelessly used by courts when determining the question of taxing the tangible property of a foreign corporation within the jurisdiction of the taxing sovereignty. We find such statements as this : "The assessments were upon that portion of the capital stock within the taxing power." This is misleading ; such assessments are made on the tangible property of the corporation within the jurisdiction of the taxing power, not upon the capital stock nor upon any portion of it, and not because the property represents the capital stock, but because such property is within the jurisdiction of the taxing sovereignty and subject to taxation like other property.

Again, we find it said that, for the purpose of estimating the value of the taxable property of a foreign corporation within the jurisdiction of the taxing power, it may estimate the value of such property upon the basis of the total amount of capital stock. This is unsound. It is wholly unimportant to the sovereignty within whose jurisdiction there is found tangible taxable property that it represents a portion

of the capital stock of a foreign corporation. Each state possesses and exercises the power to make its own rules for the ascertainment of values for the purpose of taxation, and in the exercise of that power the capital stock of a foreign corporation is not regarded. The fallacy of this theory is quickly exposed. Suppose a foreign corporation with a capital stock of $50,-000 owned real estate or personal property in Kansas of the value of $100,000 ; the assessor would not be bound to take cognizance of the fact that the capital stock of the corporation was only $50,000, and assess the property at a value not to exceed the amount of the capital stock, nor would a court reduce the assessment to bring it within the capital stock of the corporation. The tangible property of a foreign corporation is subject to taxation on the same basis as other property of a like character, regardless of the amount of capital stock of said corporation.

Since the capital stock of a foreign corporation belongs at the place of its domicile, and the corporation itself cannot migrate or domicile itself in Kansas, the mere fact that it establishes a place of business in Kansas will not constructively draw to Kansas the capital stock of such corporation for any purpose.

The question whether the capital stock of a corporation could be taxed in a state other than that of the domicile of the corporation was before the supreme court of Pennsylvania in *Commonwealth v. Standard Oil Co.*, 101 Pa. St. 119, 146. This is the leading case upon the subject, followed and largely quoted by the supreme court of the United States in *Gloucester Ferry Co. v. Pennsylvania*, 114 U. S. 196, 5 Sup. Ct. 826, 29 L. Ed. 158. In the former case it was said :

"It was contended on behalf of the commonwealth, and pressed with much learning and ability, that

when a foreign corporation enters the state to do business, it brings its entire capital stock with it. This position is ingenious, but unsound. It is a fundamental principle that the person must have a domicile in the state in order to be taxed, and the thing must have a *situs* therein. . . . The domicile of the Standard Oil Company is in the state of Ohio. Being a corporation, it is an invisible, artificial and intangible thing. When it sends its agents to this state to transact business, it no more enters the state in point of fact than any other foreign corporation, firm or individual who sends an agent here to open an office or branch house. Nor does it bring its capital here constructively. A corporation must be considered as a person— an artificial one, it is true ; and it would be as reasonable to assume that a business firm in Ohio brought its entire capital here, because it sent an agent here to establish a branch of its business, as to hold that the Standard Oil Company, by employing certain persons in this state to transact a portion of its business, thereby brought all its property or capital stock within our jurisdiction. There is neither reason nor authority for such a proposition. To the extent that it brought its property here it is taxable, and no further.''

To the same effect are the conclusions reached in *Pullman's Car Co. v. Pennsylvania*, 141 U. S. 18, 11 Sup. Ct. 876, 35 L. Ed. 613 ; *St. Louis v. Ferry Co.*, 11 Wall. 423, 20 L. Ed. 192.

We have been unable to find, and our attention has not been called to, any decisions holding a contrary view, except the opinion of the supreme court of Pennsylvania in the case of *Commonwealth v. Gloucester Ferry Co.*, 98 Pa. St. 105, cited by counsel for defendant in error, and that decision was reversed by the supreme court of the United States in *Gloucester Ferry Co. v. Pennsylvania*, 114 U. S. 196, 5 Sup. Ct. 826, 29 L. Ed. 158.

The capital stock of a foreign corporation, although

the corporation may be .doing a large and extensive business in Kansas, is not within the jurisdiction of the state, and, therefore, is not subject to taxation in Kansas.

The judgment of the court below is reversed and the cause remanded.

All the Justices concurring.