QUINETTE v. PULLMAN CO. et al.

(Circuit Court of Appeals,· Eighth Circuit. May 2, 1916.)

No. 4235.

1. COURTS ⬥366(13)—FEDERAL COURTS—STATE DECISIONS—PRECEDENTS.

A decision by the Supreme Court of Oklahoma construing Comp. Laws Okl. 1909, § 5553, declaring that if, when a cause of action accrues against a person, he be out of the state or has absconded or concealed himself, the period limited for the commencement of the action shall not

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

begin to run until he comes into the state, or while he is so absconded and concealed, and if after the cause of action accrues he shall depart from the state, or abscond or conceal himself, such time shall not be computed as any part of the period within which the action must be brought, to the effect that neither a natural person nor corporation that absents himself or itself from the state, though he or it maintains during his absence a residence in the state and persons therein on whom service of process which will sustain a personal judgment may be made, can take advantage of the statute of limitations, is binding on the federal courts, and limitations do not run in favor of a foreign corporation not a resident of the state, though it maintained a process agent therein.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 983; Dec. Dig. ⊙⊶366(13).]

**2. REMOVAL OF CAUSES ⊙⊶3—RIGHT OF REMOVAL—STATE LAWS.**

A state Constitution and laws, denying a foreign corporation doing business in the state the right to remove causes against it to the federal court under penalty of being denied the benefit of limitation statutes, are invalid.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. ⊙⊶3.]

**3. COURTS ⊙⊶366(13)—FEDERAL COURTS—STATE DECISIONS—PRECEDENTS.**

Where a decision of the state court denying a foreign corporation the benefit of limitation acts was valid, as it applied the same principles to residents and individuals, it must be followed by the federal courts, though the decision was also based on the proposition that a foreign corporation could not have the benefit of limitation acts unless it became a resident of the state and renounced its right of removal of causes, and such construction would invalidate the acts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 983; Dec. Dig. ⊙⊶366(13).]

In Error to the District Court of the United States for the Western District of Oklahoma.

On motion for rehearing. Motion denied, and former opinion affirmed.

For former opinion, see 229 Fed. 333, —— C. C. A. ——.

Charles Mitschrich, of Lawton, Okl., for plaintiff in error.

W. F. Evans, of St. Louis, Mo., and R. A. Kleinschmidt and E. H. Foster, both of Oklahoma City, Okl., for defendant in error St. Louis & S. F. R. Co.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

SANBORN, Circuit Judge. [1] So far as the writer alone is concerned, the reasons for the opinion that the motion for rehearing should be denied in this case are that this court is required to follow the construction of the statute of limitations of Oklahoma adopted by the highest judicial tribunal of that state, that the Supreme Court of Oklahoma in Hale v. St. Louis & San Francisco R. R. Co., 39 Okl. 192, 134 Pac. 949, 950, 953, L. R. A. 1915C, 544, Ann. Cas. 1915D, 907, in the opinion of the writer, decided that the true construction of the exception to subdivision 3, § 5550, Compiled Laws of Oklahoma 1909, found in section 5553 of those laws, to the effect that if, when a cause of action accrues against a person, he be out of the state the period limited for the commencement of the action shall not begin to run until he

comes into the state, is that neither a natural person nor a corporation that absents himself or itself from the state, although he maintains during his absence a residence in the state and persons therein on whom service of process against him may be made, or a corporation maintains at all times in accordance with the requirements of the Oklahoma statutes an agent on whom service of process against it which will sustain a personal judgment may be made, can take advantage of the statute of limitations in question. This conclusion seems to the writer unavoidable from the fact that the opinion in Hale's Case is based on Kansas decisions construing the same statute subsequently adopted in Oklahoma, Lane v. National Bank of the Metropolis, 6 Kan. 74, in which it was held that the personal absence of the debtor, a natural person, from the state, even if he retained his residence in the state at which process against him might be served, was sufficient to take his case out of the statute, and Williams v. Metropolitan Street Ry. Co., 68 Kan. 17, 74 Pac. 600, 64 L. R. A. 794, 104 Am. St. Rep. 377, 1 Ann. Cas. 6, Ætna Life Ins. Co. v. Koons, 26 Kan. 215, and other cases wherein it was held that foreign corporations, although they continuously maintained officers and agents in the state on whom process could be served that would sustain personal judgments against them, could not avail themselves of the Kansas statute of limitations, and on the fact that after a review of the authorities, in summing up this branch of the case, the Supreme Court of Oklahoma said:

"The question then arises: For whose benefit was the statute of limitations put in force? Evidently for those residing within the state, *for even citizens of the state cannot avail themselves of the benefit of such statutes during their absence from the state.*"

Counsel argue that this decision is mere dictum, and should be disregarded by this court, because in the Hale Case the railroad company had not complied with the Constitution and statutes of Oklahoma (section 260, Williams' Ann. Stat.; sections 5605, 5606, Comp. Stat. of Oklahoma 1909), requiring it to designate agents residing in the state on whom service of process against it might be made, and to file certificates of such appointments in specified public offices, while in the case in hand the defendant pleaded and the demurrer admitted that it had appointed and certified such agents and had complied with all the valid and constitutional laws of Oklahoma. That contention, however, is not persuasive and seems to the writer untenable. In the Hale Case the railroad company had officers and agents in Oklahoma, though not designated and certified under the sections of the statute just quoted, on whom service of process could be made during all the time after the cause of action arose. The Supreme Court of Oklahoma, in determining whether or not the foreign corporation upon whom service could have been made within the state at any time could avail itself of the statute of limitations, first exhaustively considered and decided the broad and fundamental proposition that no person, whether a natural person or a corporation, that had been absent from the state since the accrual of the cause of action, could avail himself or itself of the statute of limitations, notwithstanding the fact that at all times during his or its absence service of process which would have sus-

tained a personal judgment against him or it could have been made in the state, could invoke the statute of limitations of that state. Having decided that proposition, it descended to the particular case and held that, because the railroad company in the Hale Case was such a corporation, it was governed by that rule. The corporation in the case in hand, although at all times since the accrual of this cause of action process that would sustain a personal judgment against it might have been served upon its agent designated and certified to receive such service as required by the statutes of Oklahoma, falls equally under the basic proposition the Supreme Court of Oklahoma decided. And inasmuch as that court had the constitutional and judicial power to decide that proposition, and it is the duty of this court to follow and apply it in cases arising under the Oklahoma statute (Bauserman v. Blunt, 147 U. S. 647, 656, 13 Sup. Ct. 466, 37 L. Ed. 316), and for that reason, and for that reason alone, in the opinion of the writer, the defendant corporation cannot avail itself of the Oklahoma statute of limitations, and its motion for a rehearing of this case must be denied.

[2, 3] The fact is not overlooked that counsel for the corporation contend that the decision of the Supreme Court of Oklahoma in the Hale Case is not founded, as the writer believes it to be, upon the broad fundamental proposition which has been discussed and stated, and which may be termed the first proposition decided by the Oklahoma court; but they insist that it is based on the proposition which may be termed its second proposition, that the Constitution and statutes of Oklahoma required this foreign corporation, as a condition of availing itself of the statute of limitations of that state, to renounce its right under the Constitution and laws of the United States to bring in, or remove to, any of the national courts any suit for or against it arising in Oklahoma, to become a resident of that state and to submit all its controversies to the courts of that state exclusively. There is language in the opinion in the Hale Case that lends much support to the contention that this second proposition was decided. If that were the decision of that court, and if its construction and application of the Constitution and statutes of Oklahoma to the Hale Case rested upon that proposition, it would, in the opinion of the writer, be violative of the Constitution and laws of the United States, and it would be the duty of this court to disregard the decision and the opinion, and to consider and decide the true construction and application of the Oklahoma statute of limitations as a new question. Harrison v. St. Louis & San Francisco R. R. Co., 232 U. S. 318, 34 Sup. Ct. 333, 58 L. Ed. 621, L. R. A. 1915F, 1187.

It is, however, unnecessary to determine whether or not this second proposition was decided in the Hale Case, because if it were then the decision and opinion rested upon the first proposition and the second proposition, and granting that the second proposition is untenable, and violative of the supreme law of the land, the Oklahoma court's decision of the first proposition is still conclusive of its result, and of the duty of this court to follow the construction given to its statutes by that proposition, and it is on that ground alone that the writer is of the opinion that the motion for rehearing must be denied.