## ST. LOUIS & S. F. R. CO. v. TALIAFERRO.

No. 5629—Opinion Filed Oct. 30, 1917.

(168 Pac. 788.)

(Syllabus.)

### Limitation of Actions — Bar of Statute — "Out of the State."

The theory of the statute of limitations is that it operates to bar all actions, except as against persons and corporations upon whom notice of the action cannot be served because of their being out of the state. If such notice can be served during the whole of the prescribed period, and a personal judgment obtained which can be enforced in the mode provided by law, then such person or corporation is not "out of the state," within the meaning of section 4660, Rev. Laws Okla. 1910, which provides: "If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

Error from County Court, Marshall County; J. I. Henshaw, Judge.

Action by D. B. Taliaferro against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiff in error.

F. E. Kennamer and C. A. Coakley, for defendant in error.

KANE, J. This was an action for damages for killing domestic animals, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

At the close of the plaintiff's evidence the defendant demurred thereto, on the ground that it appeared from said evidence that plaintiff's cause of action accrued more than two years prior to the filing of the action, and therefore was barred by the two-year statute of limitations. Upon this demurrer being overruled, the defendant introduced in evidence a certified copy of the appointment of an agent residing within the state, upon whom service of process might be made, and also proved that W. L. Alsup was agent and station keeper for the defendant at Madill, the county seat of the county wherein the cause of action arose, and resided thereat continuously from the 29th day of March, 1909, the date the cause of action accrued, until the date of the trial of said cause. At the close of the evidence defendant moved for a peremptory instruction, on the ground that it appeared from the undisputed evidence that plaintiff's cause of action arose more than two years prior to the commencement of the suit, and was therefore barred by the two-year statute of limitations, which motion was overruled. Thereupon the court instructed the jury without reference to the statute of limitations, and said jury returned a verdict in favor of the plaintiff, to reverse which this proceeding in error was commenced.

There is but one question for review presented by the record, and that is whether the defendant, being a railroad corporation organized under the laws of a sister state, doing business in this state, and having agents herein upon whom service of process may be had, is entitled to avail itself of the statute of limitations of the state. It is conceded that the cause of action sued upon accrued more than two years prior to the commencement of the action; but the trial court seems to have taken the view that notwithstanding the defendant operated many miles of railroad throughout the state, and complied with the law requiring it to appoint an agent residing therein upon whom process might be had, it was still out of the state within the meaning of section 4660, Rev. Laws Okla. 1910, which provides:

"If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

The overwhelming weight of authority elsewhere undoubtedly is that, when a foreign railway corporation, with lines extending into another state than that of its incorporation, has agents in the latter state upon whom service of summons may be had, the corporation is within the state within the intent and meaning of such statutes as the one above set out. This is the recognized rule in Alabama, California, Connecticut, Illinois, Iowa, Minnesota, Mississippi,

Missouri, Montana, North Carolina, Nebraska, North Dakota, Oregon, Tennessee, Texas, Virginia, Vermont, and West Virginia. And the same rule uniformly prevails in the federal courts. In a former opinion by this court (Hale v. St. L. & S. F. R. Co., 39 Okla. 192, 134 Pac. 949, L. R. A. 1915C, 544, Ann. Cas. 1915D, 907), wherein it was alleged and admitted by demurrer to the petition that the railroad company had at all times failed and refused to comply with the laws of the state of Oklahoma requiring the appointment of an agent within the state upon whom service might be had, and requiring it to file a copy of its articles of incorporation, it was held that:

"The general policy of the state to require nonresident persons, by a compliance with section 43, art. 9, of the Constitution (section 260, Williams' Ann. Ed.), in order that the state may regulate and control same, in intrastate matters, and in order that all intrastate controversies between such corporations and citizens of the state, whatever the amount involved may be, shall be determined under the laws of the state and adjudicated by the courts of the state, is paramount to a contingent statute authorizing service of process on local agents, where the corporations have refused to comply with the law. And when such corporations refuse to submit themselves to the law, and persist in doing business within the state in violation of such state policy, they cannot avail themselves of the benefits of a statute of limitations, enacted for the exclusive benefit of resident citizens."

Whilst that case is distinguishable from the case at bar, in that in this case the railroad company has complied with the part of the constitutional provision requiring the appointment of an agent within the state, upon whom service of summons may be made, still, when it is remembered that by virtue of section 4719, Rev. Laws Okla. 1910, service may be had upon any local superintendent of repairs, freight agent, agent to sell tickets, etc., of any foreign railway company failing to appoint an agent pursuant to the constitutional provision, no real difference in principle exists between the two cases in so far as the question now under consideration is concerned. It is quite true that the rule stated in the foregoing paragraph of the syllabus does not strictly follow either the majority or minority rule; but a casual reading of the opinion itself clearly discloses that the court disapproved the rule sanctioned by the great weight of authority, and approved what may be called the narrow rule followed by a few courts.

Upon a re-examination of the authorities, and a more full and mature consideration of the question, we are convinced that the view held by the majority of the courts is more consonant with elementary principles of reason and justice, and for that reason our precedents to the contrary should no longer be authority. Statutes similar to our constitutional provision requiring all foreign corporations doing business within the state to appoint an agent therein, upon whom process may be served, have been enacted in a great majority of the states, and, as we have seen, in nearly all of them the right to plead the statute of limitations of such state by foreign corporations legally doing business in the state has been accorded. A resume of the authorities in this opinion would serve no useful purpose, as all of them supporting both sides of the question may be found collected and satisfactorily classified in an extensive note to Hale v. St. L. & S. F. R. Co., supra, as reported in L. R. A. 1915C, 544.

The court in the Hale Case seems to assume that, unless a foreign railroad corporation complies with section 43, art. 9, Williams' Constitution, it must needs be a nonresident corporation, in such a sense as not to be subject to the regulatory laws of the state in intrastate matters, or to the jurisdiction of its courts. It is well settled that compliance or noncompliance of an interstate railroad chartered in one state, with the laws of another state, in which it is doing business, in regard to domestication of foreign corporations, does not affect its status as a foreign corporation, nor prevent the removal of its interstate controversies to the federal courts. St. Louis & S. F. R. Co. v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802; L., N. A. & C. R. Co. v. Louisville Trust Co., 174 U. S. 552, 19 Sup. Ct. 817, 43 L. Ed. 1081; Southern Ry. Co. v. Allison, 190 U. S. 326, 23 Sup. Ct. 713, 47 L. Ed. 1078. In the case cited above, the Supreme Court said:

"So it seems that a corporation may be made what is termed a domestic corporation, or in form a domestic corporation, of a state in compliance with the legislation thereof, by filing a copy of its charter and by-laws with the secretary of state, yet such fact does not affect the character of the original corporation. It does not thereby become a citizen of the state in which a copy of its charter is filed, so far as to affect the jurisdiction of the federal courts, upon a question of diverse citizenship."

See Thompson v. Texas Land & Cattle Co. (Tex. Civ. App.) 24 S. W. 856; Pennsylvania Co. v. Sloan, 1 Ill. App. 364.

There are many decisions holding that a foreign corporation is a citizen, not a resident of the state, under whose laws it was created. But there is quite a marked difference between residence and citizenship, and they are not necessarily correlative terms. A corporation can do nothing anywhere nor manifest its presence or being at all, except through its agents, its property, or its operation. For a foreign corporation, then, to be a nonresident of the state, or out of the state, in the sense of the statute, it must be out of the state in such sense as to render it impracticable at all times to obtain service of process upon it. If it be conceded, then, that notwithstanding noncompliance with the constitutional provision a foreign railroad corporation may legally do business in the state, and sue and be sued in its courts, it is not within the province of the court to deprive it of the defense of the statute of limitations of the state without legislative warrant therefor. If it is ruled that failure to comply with the constitutional provision precludes the company from pleading the statute of limitations of the state as a defense, to be logical we would also be required to hold that, because of its failure to comply with the constitutional provision, it could set up no defense to the cause of action alleged against it. As was said by the Supreme Court of Tennessee in the case of Turcott v. Y. & M. V. Ry. Co., 101 Tenn. 102, 45 S. W. 1067, 40 L. R. A. 768, 70 Am. St. Rep. 661:

"It would not be a proper construction of that statute to hold that a corporation actually doing business in the state without complying with the statute could not be sued for a tort committed; and, having been impleaded upon the ground of a tort, it cannot be that the failure to comply with that statute must preclude it from making any defense, for it logically follows that, if it cannot make this defense, because of its failure, it can make no other."

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur, except BRETT, J., absent and not participating.