**Donald W. STRICKLAND, Appellant,**

v.

**Roy KAY, Respondent.**

**No. 24862.**

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1968.

Rehearing Denied April 1, 1968.

Allan R. Browne, Ennis, Browne & Martin, K. L. Stockman, Kansas City, for appellant.

Samuel J. Molby, Thomas E. Allen, Kansas City, Watson, Ess, Marshall & Enggas, Kansas City, of counsel, for respondent.

MAUGHMER, Commissioner.

Defendant was operating and plaintiff was riding in a boat on a lake in the State of Oklahoma when the craft struck an object allegedly resulting in personal injuries to plaintiff, who brought this suit for damages. Defendant filed a motion to dismiss based upon the assertion that the cause of action was barred under the applicable statutes of limitation. The trial court sustained the motion, dismissed the petition and plaintiff has appealed.

The accident occurred on May 15, 1964. The plaintiff, Donald W. Strickland, was at the time a resident of the State of Missouri and the defendant, Roy Kay, was a resident of Arkansas. On December 13, 1966 (approximately two years and seven months after the occurrence of the casualty) plaintiff filed the instant suit in the Circuit Court of Jackson County, Missouri. With respect to the limitation question, plaintiff therein alleged: (1) that the parties were residents of Missouri and Arkansas; (2) that defendant had absented himself from the State of Oklahoma and had not been in that state since the accident for a period of two years, and that service on defendant by notice under the Oklahoma statutes could not be had because the watercraft involved had not been removed from Oklahoma.

Defendant moved to dismiss the petition on the ground the action was barred under the statutes of limitation. The parties additionally filed affidavits as to the situs of the watercraft from and since the date of the accident. Defendant averred it had been removed from Oklahoma to Siloam Springs, Arkansas, within one week after the accident and had remained there ever since. Plaintiff declared that defendant had admitted to him the boat had been "traded in" and disposed of in Oklahoma. One of the positions taken by plaintiff on appeal is that these diverse affidavits, as to a factual matter, present a jury question and preclude the propriety of a judgment by the court alone. In our opinion the affidavits do present a fact issue and if a determination of that question were vital as to application of the statutes of limitation we believe it should have been determined by a jury. However, we do not believe such a question is vital. In our opinion the case can be resolved without further reference to this particular facet of the controversy.

Section 516.180, V.A.M.S. declares that whenever a cause of action is fully barred by the laws of the state where it originated said bar shall be a complete defense to any

action thereon, brought in any of the courts of Missouri.

Section 95, Title 12, Limitations of Actions, Oklahoma Statutes, provides:

"Civil actions * * * can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"Third: Within two (2) years: * * an action for injury to the rights of another, not arising on contract, * * *".

Since the present action was commenced more than thirty months after it accrued, it is evident that the cause is barred unless the running of the statute was tolled for a sufficient time to bring its date of commencement within the limitation period of two years. The parties in their briefs and oral arguments agree that this is so. We must, therefore, determine if there was such tolling. This determination will be decisive of the controversy.

We set out Section 98, Title 12, from the Limitations of Actions Chapter of the Oklahoma Statutes:

"Absence or flight of defendant.—If, when a cause of action accrues against a person, he be out of the State, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the State, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the State, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought. R.L.1910, Sec. 4660".

Under its statutory law on the general subject "Public Health and Safety", Oklahoma has a chapter (22) devoted to "Motorboats and Vessels". We incorporate Section 816, Title 63 of that chapter herein:

"Service of notice upon nonresident owners—Venue. In an action in any court of this State, arising out of injury to person or property caused by any watercraft while operating in the waters of this State, including the Oklahoma portion of boundary rivers, or moored in such waters or against shore land in this State, when the owner or operator is a nonresident of this State or a corporation not incorporated under the laws of this State, service of the original notice may be made upon such nonresident owner or operator or upon such foreign corporation in the manner provided in Title 47, Sections 393, 394 and 398, Annotated Statutes of Oklahoma 1951. The venue of such an action shall be the county in which the damage occurred and the presence of such watercraft and the doing of said damage within the territory comprising the State of Oklahoma, together with the subsequent removal of said watercraft from the jurisdiction of the State of Oklahoma, shall constitute a waiver by the owner or operator thereof of any objection to the venue of such an action commenced in a proper court of this State. Laws 1959, p. 389, § 16".

Title 47, Sections 393, 394 and 398, referred to in the just quoted statute and providing the method of service in suits for damages by watercraft, prescribes the same procedure as that provided for service upon nonresident automobile operators; that is, upon the Secretary of State, with service of summons or notice by registered mail to the operator.

■ Of course, before enactment of these so-called "Long Arm Statutes", if any nonresident automobile or watercraft operator was involved in an accident, committing a tort or inflicting damage, and removed himself and his vehicle from the state before service of summons of a petition for damages, he was immune to suit in that jurisdiction. It is the theory of this new legislation that by entering into the foreign state and using its highways or waters, the nonresident operator constitutes the Secretary of State as his agent to be

served with summons in a suit for torts there committed. These statutes have been generally adopted and universally upheld as constitutional and lawful in America. One of the plaintiff's contentions is that the watercraft involved in this particular accident was not removed from Oklahoma and that, therefore, under Section 816, Title 63, supra, plaintiff could not maintain his suit in Oklahoma even though he could have maintained it had the boat been removed from that state and, therefore, the statute was tolled. We see no reason to discuss what rights to sue, if any, by attachment or otherwise, the actual presence of the boat or automobile might give a plaintiff. The reference in the statute to the boat being in or being taken out of the state refers to venue alone. It is our opinion that a non-resident operator of a motorboat or automobile could not by the expedient of leaving the instrument by which the tort was inflicted in the State of Oklahoma, thereby eliminate the possibility of his being sued in that state under the "Long Arm Statute."

■ Another of appellant's contentions is that the tolling limitations statute applied to corporations, but not to individuals, and was for the benefit of citizens, but not for the benefit of nonresidents. He relies upon Quinette v. Pullman Co. et al., 233 F. 980 (C.C.A.8), a decision mainly to the effect that Oklahoma adopted and followed the Kansas law, which jurisdiction holds that the statute is for the benefit of residents and further that the statute is tolled as to individuals in nonresidence. He invites our attention to the fact that Walker v. L. E. Meyers Const. Co., 175 Okl. 548, 53 P.2d 547, involved a corporation rather than an individual. As plaintiff says, statutes of limitations are to be strictly construed and not enlarged upon by the courts. Woodruff v. Shores, 354 Mo. 742, 190 S.W.2d 994, 996; Hicks v. Hamilton (Okl.Sup.), 283 P.2d 1115.

After the Quinette case (decided in 1916) which was based in part upon the opinion in Hale v. St. Louis & S.F.R.R. Co., 39 Okl.

192, 134 P. 949 (1913), the Supreme Court of Oklahoma took up the question again in St. Louis & S.F.R.R. Co. v. Taliaferro, 67 Okl. 37, 168 P. 788, 789 (1917), and expressly overruled the Hale case. The syllabus contains the following expression as to the rule:

"The theory of the statute of limitations is that it operates to bar all actions, except as against persons and corporations upon whom notice of the action cannot be served because of their being out of the state. If such notice can be served during the whole of the prescribed period, and a personal judgment obtained which can be enforced in the mode provided by law, then such person or corporation is not 'out of the state,' * * *",

within the meaning of the limitation statute. It is true that the Taliaferro case concerned only a corporation.

Moore v. Dunham, 240 F.2d 198, 201 (C.C.A. 10) was an action for wrongful death under the Nonresident Motor Act brought in the Federal District Court of Oklahoma. The court said:

"Oklahoma courts have not construed Section 98 in connection with the provisions for service of process under the Nonresident Motorist Act. But the majority, and we think the better reasoned view, holds that provisions for substituted service of process upon a state official arising out of motor accidents within the state *has the effect of nullifying any statute suspending the period of limitations.* See Annotations 17 A.L.R.2d 516; 119 A.L.R. 859; 94 A.L.R. 485; Kokenge v. Holthaus, [243] Iowa [571], 52 N.W.2d 711; Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17. Such view is said to be consistent with the purpose of substituted service, i. e. expeditious adjudication of the rights of the parties; that by creating substituted service, the legislature obviously intended to provide an exception to the suspension provisions; and that a contrary conclusion would permit a plaintiff to defer

the institution of his action indefinitely to the prejudice of the defendant. See 119 A.L.R. at page 860.

"While there are contrary views, see Bode v. Flynn, 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480; Maguire v. Yellow Taxi Corp., 253 App.Div. 249, 1 N.Y.S.2d 749, we apprehend that the Oklahoma courts will follow the majority". (Italics added.)

In Burnett v. Swenson, 95 F.Supp. 524 (W.D.Okl.) a Kansas resident was allowed to sue a Minnesota resident in Oklahoma for injuries sustained in an automobile accident which occurred in Oklahoma. We note that many of the opinions cited by the contestants here were written before enactment of the Nonresident Acts respecting either automobiles or watercraft.

■ Stripped to the bare essentials we believe the decisive question is: Could plaintiff, during the two year limitations period ensuing immediately after the accident which occurred on May 15, 1964, have sued defendant in Oklahoma in the county where the casualty occurred and would service on the Secretary of State, with notice as provided under the Nonresident Act, have been legally sufficient upon which to base a personal judgment against defendant? If plaintiff could have done so and if the service and notice were adequate for such a personal judgment, then the statute of limitations was not tolled because defendant was not "out of the state" insofar as lawful filing of suit and service of process against him was concerned.

Appellant leans heavily upon the opinion of the New York Surrogate Court (In re Davis' Will, 127 N.Y.S.2d 88) which held the Oklahoma statute was tolled on a claim for services when the creditor was physically out of the state even though there was a provision for substituted service. The New York court concluded that the Taliaferro case applied only to foreign corporations and relied mainly in determining the law of Oklahoma upon the testimony of two experts—presumably lawyers. We are unwilling to accept the conclusion of a New York Surrogate Court in a suit for services as entitled to greater weight than are the decisions, (1) of the Oklahoma Supreme Court in Taliaferro, supra, and (2) of the Circuit Court of Appeals, Tenth Circuit in Moore v. Dunham, supra. Moreover, we believe the weight of authority, including Missouri, supports the latter interpretation.

We believe the statutes are plain and have been universally approved as to automobiles. The phraseology is the same respecting watercraft. We conclude that the interpretation would be the same. It follows that the court did not commit error when it sustained defendant's motion to dismiss.

The judgment for defendant is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

HOWARD, P. J., CROSS and MORGAN, JJ., and HALL, Special Judge, concur.