## Charles D. Warren, et al. v. John C. Clemenger.

### Gen. No. 11,946.

1. STATUTE OF LIMITATIONS—*how construed.* Statutes of limitation are statutes of repose and should be construed liberally so that the object for which they are enacted may be attained.

2. STATUTE OF LIMITATIONS—*when bars action upon promissory note.* The 10-year statute in this State bars an action upon a promissory note where more than ten years have elapsed between its maturity and the institution of suit thereon, notwithstanding the defendant lived from time to time in different jurisdictions and had not remained in any one jurisdiction a sufficient length of time to bar such note.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 1, 1905.

**Statement by the Court.** Appellants brought suit against appellee upon certain promissory notes executed in 1880, and which fell due on or prior to May 1, 1881.

The parties stipulated that all pleadings except the declaration and the plea of the general issue should be stricken from the files, which was done; and leave was given appellee, then defendant, to offer all defenses under the plea of the general issue. The parties also submitted the cause to the court for trial, and entered into a stipulation as to the facts of the case.

The only evidence offered upon the trial was the stipulation of facts. At the close of all the evidence appellants moved the court to find the issues for them. This the court refused to do.

Appellants also submitted to the court four propositions of law. These the court marked as refused, and overruling a motion for a new trial found the issues for appellee. Appellants then perfected this appeal.

The following is a summary of the facts as shown by the stipulation hereinbefore referred to: That in 1880 the defendant, who at said time resided in the city of Toronto, Ontario, executed to the firm of Moore & Warren Bros., a copartnership, consisting of one Berry Moore and these

plaintiffs, Charles D. Warren and William A. Warren, at said time also residing and doing business in said city of Toronto, certain enumerated promissory notes aggregating $2,894.24; that the notes were delivered to Moore & Warren Bros. by defendant in payment for goods and merchandise sold and delivered by Moore & Warren Bros. to defendant; that the notes were made payable in said city of Toronto; that the notes in all respects were valid, legal and enforceable obligations in the Province of Ontario at the time of their execution and delivery; that as to those notes made by third parties to Clemenger and indorsed by Clemenger to Moore & Warren Bros., said notes were, when due, enforceable obligations against Clemenger the same as if they had been his personal notes; that the notes were indorsed after maturity to these plaintiffs' by the said Moore & Warren Bros., and are now the property of the plaintiffs. That at the time the notes were made and delivered, the plaintiffs were and are now and have been at all times since the making and delivery of the notes, residents of the city of Toronto, Ontario; that the defendant at the time the notes were made and delivered, was also a resident of said city of Toronto, and had been for some years prior thereto; that about the 25th of February, 1881, before a number of the notes became due and payable, the defendant left the Province of Ontario and has not resided in said Province or the Dominion of Canada since, and has not been in said Province since leaving there, except a short time on a visit in 1886, of which the plaintiffs allege they did not know. That on leaving Ontario in 1881, the defendant moved to Bradford, Pennsylvania, and resided there for about two years next following; that about 1883, defendant moved from Bradford, Pennsylvania, to Richberg, New York, and resided there about one year; that defendant left said Richberg about 1884, and moved to Kansas City, Missouri, where he resided for about seven years then next following, or until December, 1891; that in December, 1891, defendant moved from Kansas City to Chicago, and has resided in Chicago since said time. That

this suit was begun in March, 1900. That if, upon the foregoing statement of facts and the proofs that may be offered, the court shall find that the right of action or the remedy on any of the said notes is not barred by the limitation laws of the State of Illinois, and that a recovery on any of the said notes may be had in Illinois, the court shall enter judgment for the plaintiffs for the sum of $1,500.

LACKNER, BUTZ & MILLER and C. E. HECKLER, for appellants.

PHELPS & CLELAND, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the Court.

At common law the rule is that a right of action never dies. But because time outlasts witnesses and wears away evidence of payment, it was early found necessary, for the protection of those who were once debtors, and to quiet titles, to enact a statute of repose fixing a time after the right of action accrued beyond which it could not be enforced. Accordingly, in every jurisdiction in which the common law prevails there is now to be found, in varying words, a Statute of Limitations prescribing a boundary to the right to bring an action at law. In this State the time thus limited is amply sufficient to permit a diligent creditor to enforce his claim. The statute affects the remedy merely and not the merits of the controversy. It is a statute of repose, and should be construed liberally so that the object for which it was enacted may be attained.

In this case appellee left Toronto, Canada, in February, 1881, before all the notes became due. Thereafter he lived two years at Bradford, Pennsylvania, one year at Richberg, New York, seven years at Kansas City, Missouri, and then in December, 1891, removed to Chicago, Illinois, where he has since resided. This suit was commenced in March, 1900. The last of these notes matured May 1, 1881.

Counsel for appellants state the question before the

trial court and before this court in these words: "Does our Statute of Limitations begin to run against a debt created in a foreign jurisdiction between non-resident debtor and creditor at the time the debt became payable in such foreign jurisdiction, or when the debtor comes into this State and the debt thus for the first time has an existence and becomes a suable and enforceable demand here?"

They assert that the propositions of law tendered by them to and refused by the court accurately present this question, and if such propositions had been "held" they would have determined the issues in favor of appellants. They further say: "We do not contend that this section (16 of the Limitation Statute) has no application to causes of action created in another jurisdiction, but we do contend that it cannot apply until the person against whom the cause of action exists comes into this State and the cause of action thus comes into existence and is an enforceable demand here, because the legal meaning of the word 'accrued' is 'to become an enforceable demand.'" Therefore, they contend, this section in effect declares that an action must be commenced within ten years next after it became suable and enforceable in the State of Illinois. And that when read in connection with section 20 of the same Act, which provides that when a cause of action has arisen in a State or territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon cannot be maintained in this State, it appears that a foreign debtor must live down the period of limitation of some one jurisdiction, and when he has done so he can come into Illinois and be exempt from further prosecution; but unless he can show that the debt is barred by reason of lapse of time in some one jurisdiction in which he has lived since the debt matured, he is subject to prosecution in Illinois within ten years after he could be sued here. To these propositions they cite a number of authorities from other States, nearly all of which are based upon special statutes of the several States in which the opinions are rendered.

On the part of appellee it is contended that section 16 of our Limitation Act, which reads, "Actions on * * * promissory notes * * * shall be commenced within ten years next after the cause of action accrued," is a complete bar to this suit; that when the last of these notes fell due, May 1, 1881, the payees were living in Toronto where the notes were made payable, at which time the cause of action then accrued to them; and that there is no exception to the plain words of section 16, other than is provided in section 18, that if, when the cause of action accrues the defendant is out of the State, or after the cause of action accrues he departs from this State, the time of his absence shall be no part of the time limited for the commencement of the action; and that this latter action has no application to the case at bar.

It is clear that said section 18 was enacted to favor residents of this State as against residents of other States, territories and foreign nations, and to relieve them from the necessity of following their debtors into other jurisdictions under penalty of losing their debts by the running of the statute. Story v. Thompson, 36 Ill. App. 373.

A cause of action accrues upon a promissory note at the time it becomes due and payable and is unpaid. Story v. Thompson, 36 Ill. App. 370, 377; Wooley v. Yarnell, 142 Ill. 447; Kreitz v. Behrensmeyer, 149 Ill. 506.

In Chemung Canal Bank v. Lowery, 3 Otto, 72, the plaintiff recovered a judgment in the State of New York. Suit was brought on it in Wisconsin more than ten years after its recovery, against the defendant, who had lived in the latter State less than ten years before he was served with summons. He interposed the Statute of Limitations of Wisconsin as a defense. That statute is the same as our section 16. It was contended by the plaintiff that the limitation law did not apply, because the defendant had not been in Wisconsin ten years before he was sued. The court, however, held that the action was absolutely barred because it was not begun within ten years after the judgment was recovered in the State of New York.

In Beardsley v. Southmayd, 15 N. J. L. 171, suit was brought in New Jersey upon promissory notes which were made and became payable while both plaintiff and defendants resided in Connecticut, and the parties continued to live there for more than six years after the cause of action accrued.    When the suit was brought the plaintiff still resided in Connecticut, while the defendants were residents of New Jersey, but had not been in that State for the term of six years.    The defendants invoked the protection of the Statute of Limitations.    The court say: " The question, therefore, presented by the pleadings is whether a non-resident creditor, who has a demand against a non-resident debtor of more than six years standing and which would have been barred by our statute, if both parties, or if the defendant only, had resided here, can pursue him into this State, and maintain an action against him." After calling attention to the fact that the plaintiff admits he was a non-resident of New Jersey when the notes were made, and has ever been a non-resident, the court continues:    " Now the question arises, when did the plaintiff acquire a right to bring an action in this State?    Why, as soon as the cause of action accrued, for he had as much right to bring an action then as he had after the defendant came here.    His right of bringing an action in New Jersey did not depend upon the defendant's coming into this State, though his doing so to any useful purpose might have depended on that event."    The court further say that the rights of a non-resident plaintiff are not saved under the statutes of New Jersey until the debtor has resided in the State for six years; if it were so, the right of action would be saved indefinitely, and a non-resident creditor would be put on a better footing than a resident creditor. The opinion concludes with an order for judgment in favor of the defendant.

In Bemis v. Stanley, 93 Ill. 230, in August, 1877, Bemis sued Stanley upon a judgment recovered in Ohio in March, 1859.    The defendant pleaded the Statute of Limitations, to which the plaintiff demurred.    The demurrer was sus-

Hall v. First Nat. Bank of Chicago.

tained and judgment was rendered against the defendant. Upon appeal the court held that the judgment sued on was embraced in section 15, which provides that such an action shall be commenced within five years next after the cause of action accrued, and that, therefore, the defendant's plea constituted a complete defense to the action, and the trial court erred in sustaining the demurrer.

We regard this case as controlling in the present appeal. It follows that the action of the trial judge in marking the propositions of law tendered by appellants " refused " was correct, and that his finding for appellee was right.

The judgment of the Superior Court is affirmed.

*Affirmed.*