**F. E. Thornton, Appellant, v. Nome and Sinook Company, Appellee.**

**Gen. No. 34,120.**

Heard in the third division of this court for the first district at the February term, 1930. Opinion filed January 28, 1931.

William D. Kerr, for appellant.

Follansbee, Shorey & Schupp, for appellee; Mitchell D. Follansbee, Clyde E. Shorey and Loren P. Oakes, of counsel.

Mr. Justice Friend delivered the opinion of the court.

This is an appeal from a judgment entered in favor of defendant in an action on promissory notes. The court sustained a demurrer to a replication to each of two pleas, and the plaintiff having elected to stand by her replications, judgment was entered for the defendant.

The undisputed facts disclose that four notes aggregating $12,000 and bearing interest at 6 per cent per annum were given by the defendant in 1903 and 1904, made payable at sundry dates in 1904. Plaintiff commenced her suit by filing a narr. and cog. July 22, 1925, on which judgment was entered by confession. Subsequently leave was given the defendant to plead, the judgment to stand as security.

The first amended plea sets up that both the maker and payee of the notes were Maine corporations; that defendant was at all times a nonresident of Illinois and that the causes of action did not accrue at any time within 10 years before the commencement of the suit.

The second amended plea after setting up the same facts with reference to the maker and payee, alleged that the causes of action, if any, arose in a State or territory out of this State and that action could not there have been maintained at the time of the commencement of this suit by reason of the lapse of time.

For a replication to the first amended plea the plaintiff said that the defendant at the time of the execution of the notes and at the time when the several

causes of action accrued thereon was a resident of
Illinois; that the articles of incorporation of defend-
ant, when the cause of action accrued, provided that
the main office of the company should be in Chicago;
that when the notes were executed and when the sev-
eral causes of action accrued thereon the defendant
maintained its main office and principal place of busi-
ness in Chicago; that the defendant was then and there
doing business in Illinois; that the defendant then and
there had an agent in Illinois; that in 1907, and within
four years after the said causes of action accrued, the
defendant company departed from Illinois, and from
that time until the filing of the suit herein had con-
tinuously resided out of Illinois.

In her replication to the second amended plea, plain-
tiff set out the same facts regarding the residence of
defendant, and stated further that the several notes
herein ·sued upon were all respectively executed in
Chicago, Illinois, and that said notes were all respec-
tively payable in Chicago, Illinois.

The defendant demurred to the replications to each
of the amended pleas, the demurrer was sustained by
the court and judgment entered for the defendant.

Section 16 of the Illinois Statutes of Limitations
(chapter 83 Cahill's Ill. Rev. St. 1929, ¶ 17) provides
that action on promissory notes shall be commenced
within 10 years next after the cause of action accrued.
More than 20 years having elapsed between the matu-
rity of the notes and the commencement of suit there-
on, the principal question presented for decision is
whether section 18 of the statute can be invoked by
plaintiff to toll the running of the statute. Section 18
is as follows:

"Section 18. If, when the cause of action accrues
against a person, he is out of the State, the action may
be commenced within the times herein limited, after
his coming into or return to the State; and if, after

the cause of action accrues, he departs from and resides out of the State, the time of his absence is no part of the time limited for the commencement of the action. But the foregoing provisions of this section shall not apply to any case, when, at the time the cause of action accrued or shall accrue, neither the party against nor in favor of whom the same accrued or shall accrue, were or are residents of this State." Cahill's St. ch. 83, ¶ 19.

Section 18 establishes two exceptions to section 16. The first exception is that if the person against whom the cause of action accrues is out of the State when the cause of action accrues, the period of the limitation will begin to run after his return to the State. The second exception is that if, after the cause of action accrues, such person departs from and resides out of the State, the time of his absence is no part of the time limited for the commencement of the action. Plaintiff contends that section 18 is applicable to her case because the defendant was a resident of Illinois when the cause of action accrued, and that applying the second exception, the bar of the statute is raised by reason of the departure of defendant from the State within four years thereafter and its subsequent residence elsewhere.

It is stated in the first amended plea that both the maker and payee of the notes were Maine corporations and that both were nonresidents of Illinois when the causes of action accrued. The replication negatives the defendant's nonresidence by the averments heretofore stated. Taking these averments as true, and they are so admitted by the demurrer, the immediate question raised is, whether under the facts stated, defendant can be said to have been a resident of Illinois within the meaning of section 18.

In support of her contention that defendant was a resident of this State, plaintiff relies chiefly on two

very early decisions, *Pennsylvania Co. v. Sloan,* 1 Ill. App. 364, and *Hubbard v. United States Mortgage Co.,* 14 Ill. App. 40. The first of these cases was an action in tort brought by a resident of this State against the Pennsylvania Co., a foreign corporation, operating its lines in Illinois, having property within the State and maintaining offices and agents here upon whom process of service could be had. It appearing that more than two years had elapsed since the cause of action accrued, the question arose under the pleadings whether the defendant was a resident of Illinois within the meaning of section 18, so as to toll the running of the statute. The court in its opinion affirmed the doctrine laid down by numerous decisions cited therein to the effect that a corporation must "dwell in the place of its creation, and cannot migrate into another sovereignty," but qualified this proposition by saying that "the law of one State may have operation *for certain purposes* in another, by the comity or permission of the latter; and we see no insuperable difficulty in the way of such migration, provided the former does not positively forbid and the latter does positively consent," and then concluded by saying, "but whether it be correct or not, the jurisdiction of the State over them (foreign corporations) is fully sustained by these authorities upon that of their consent, manifested by their engagement in business within it under its permission given upon condition of such consent. . . . Ability to obtain such service is the test of the running of the Statute of Limitations."

The other case was a chancery proceeding filed by a resident of Illinois to foreclose certain bonds which he had purchased, secured by a mortgage on real estate. Facts admitted by a demurrer filed to the bill of complaint showed that more than five years had elapsed since the cause of action accrued and the question there also arose whether the complainant's suit

was barred by the statute. The court, following the doctrine laid down in *Pennsylvania Co. v. Sloan,* said that "it necessarily follows that it (defendant) is a resident of that State (New York), for as held in *Bank of Augusta v. Earle,* 13 Pet. 519, it must dwell in the place of its creation, and cannot migrate to another jurisdiction. It thus appears upon the face of the bill that while it is true that the complainant's cause of action arose more than five years before the commencement of the suit, yet the defendant, at the time the cause of action arose, was, and ever since that time has been, a nonresident of this State, thus bringing the case within the exception provided for in the eighteenth section of the statute. True, if the corporation had been continuously doing business in this State by its agents during the entire five years, thus bringing itself during all that time within the jurisdiction of the courts of this State, the statute would, notwithstanding its corporate nonresidence, have run against it. *Pennsylvania Co. v. Sloan,* 1 Bradwell, 364."

It will be observed that in both of the foregoing cases the party bringing suit was a resident of Illinois. In the instant case plaintiff was a resident of California. If it should therefore appear that the defendant in the instant proceeding was also a nonresident of this State, the exceptions provided by section 18 would, of course, under the express provisions of the statute, not be applicable.

All of the decisions before us, including the two foregoing cases, hold that a corporation can have but one residence, that being the State of its creation. This must necessarily be so for a railroad like the Pennsylvania Company operating in numerous places cannot be a resident of every State in which it owns property, maintains offices, and designates agents upon whom service may be had. Thompson on Corporations, section 565, says that:

"A corporation like a natural person must have a legal residence. . . . The first and prime rule is that a corporation is a resident, or has its legal domicile in the state or country by and under whose laws it was organized. As said by one court: 'A corporation can exist only within the sovereignty which created it, although, by comity, it may be allowed to do business in other jurisdictions through its agents. It can have but one legal residence, and that must be within the state or sovereignty creating it.' The authorities are practically unanimous on this proposition. . . . The mere fact that a corporation has its principal office in a particular state, does not make it a resident of that state."

The case of *Hamilton v. North Pac. S. S. Co.*, 84 Ore. 71, likewise holds that:

"For most purposes and under most circumstances it is clear that a corporation resides only in the state where it is incorporated. If it transacts business in another state, it is properly held to be a resident of such other state for purposes of legal process. This rule is followed in order to prevent the intolerable injustice of authorizing the transaction of corporate business without the corresponding responsibility of answering within the jurisdiction for corporate contracts and torts. It follows, as a corollary, that a corporation transacting business within the state may plead the statute of limitations. These exceptions to the general rule are apparent rather than real. *The word 'resident' in these authorities means 'one found within the jurisdiction.'* . . . *The word 'resident' as used in Section 26, is used in the same sense in which Congress uses it in statutes defining the jurisdiction of the federal courts.*"

The object of the statute which makes foreign corporations amenable to service has, for obvious reasons, been declared by our courts to be designed for

the protection of residents of this State. It being a protective statute favoring Illinois residents and aimed against those who reside in other States, no groundless presumptions should be indulged that outsiders permitted to operate here by comity were intended to be the beneficiaries. This proposition was aptly stated in *Warren v. Clemenger,* 120 Ill. App. 435, where the court said:

"It is clear that said section 18 was enacted to favor residents of this State as against residents of other States, territories and foreign nations, and to relieve them from the necessity of following their debtors into other jurisdictions under penalty of losing their debts by the running of the statute. *Story v. Thompson,* 36 Ill. App. 373."

In conformity with these well established principles we are of the opinion that the two cases relied upon by plaintiff are authority for holding only that foreign corporations operating in Illinois and subject to process in this State, may be considered as residents of Illinois only in so far as they are amenable to service within the State the same as a domestic corporation, and that since process must be accepted by them, they also share the privilege with domestic corporations, of pleading the statute of limitations. To give any broader meaning to these decisions would result in the anomaly of holding that a corporation, doing business in numerous States may have a residence in every State where it operates, which is contrary to sound reason and the almost unanimous rule that a corporation can have but one residence, that being the State of its creation.

As was pointed out in *Warren v. Clemenger, supra,* at common law the rule was that a right of action never died, "but because time outlasts witnesses and wears away evidence of payment, it was early found necessary, for the protection of those who were once debtors,

and to quiet titles, to enact a statute of repose fixing a time after the right of action accrued beyond which it could not be enforced. Accordingly, in every jurisdiction in which the common law prevails there is now to be found, in varying words, a statute of limitations prescribing a boundary to the right to bring an action at law. In this State the time thus limited is amply sufficient to permit a diligent creditor to enforce his claim. The statute affects the remedy merely and not the merits of the controversy. It is a statute of repose, and *should be construed liberally so that the object for which it was enacted may be attained.*" The plaintiff, a resident of California, having had four years after the causes of action accrued in which to serve process of summons on defendant, while it was still doing business in Illinois and amenable to service here, and more than 20 years having elapsed since the notes became due, during which plaintiff could have sued the defendant in the State of Maine where it resided, we are constrained to interpret the statute with the liberal intendment which the legislature and the courts have prescribed.

We have considered the further contention of defendant that these actions were also barred by section 20 of the statute because they arose in Maine and were barred by the limitations statute of that State. In view of our conclusion, however, that section 18 does not operate to toll the running of the limitation period fixed by section 16, we deem it unnecessary to pass upon the remaining point.

For the reasons stated, the judgment of the trial court will be affirmed.

*Affirmed.*

Hebel, J., concurs.

Wilson, P. J., specially concurring: I join in the foregoing opinion and concur specially for the following reasons:

Judgment by confession was had July 22, 1925, on notes due in 1904. The defendant left the jurisdiction in 1907, and has not been within the jurisdiction of the State since. If the judgment by confession was good when entered, July 22, 1925, then why was it not possible to have taken the judgment at any time after the notes were due? Admitting this, then the statute began to run from the due dates of the notes. If judgment by confession could not be taken because of the absence of the defendant from the State, then how could it be taken July 22, 1925, as nothing new had arisen to give the right? The judgment was one by confession and not by personal service on the defendant after it had come back into the State. If plaintiff insists she has a valid judgment, then she could have taken it at any time after the notes became due, and there was nothing to toll the running of the statute of limitations.