Leona Nelson, Appellant, v. Guy A. Richardson et al., Appellees.

Gen. No. 40,008.

Opinion filed May 16, 1938.

HENRY MITGANG, of Chicago, for appellant.

WETTEN, PEGLER & DALE, of Chicago, for appellee M. E. Overlease.

MR. JUSTICE McSURELY delivered the opinion of the court

This appeal by plaintiff presents the question whether the statute of limitations is tolled by the non-residence of a defendant who was not made a party defendant until after the statutory period of limitations had expired, although service of summons could have been made upon his representative at any time within this period.

It is alleged plaintiff was injured December 27, 1934, while a passenger on a street car operated in Chicago, Cook county, Illinois, by the street car companies named; those defendants were duly served with summons.

August 5, 1937, or approximately two years and seven months after the cause of action accrued, by leave plaintiff filed an amended complaint in which she alleged she was injured in a collision between a street car in which she was riding and a truck owned and operated by M. E. Overlease (hereafter called defendant) a resident of the State of Indiana. Follow-

ing the procedure prescribed in sec. 20a, Motor Vehicles Act, Ill. Rev. Stat. 1937, ch. 95½, ¶ 23 [Jones Ill. Stats. Ann. 85.023], defendant Overlease was served by filing a copy of the summons August 10, 1937, with the Secretary of State of Illinois.

Defendant moved the trial court that the cause be dismissed as to her for the reason that it was barred by the statute of limitations, which provides that actions for damages for an injury to the person shall be commenced within two years next after the cause of action accrued. Ch. 83, par. 15, sec. 14 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 107.274.] The court, being of the opinion that as the pleadings showed that Overlease was made a defendant and a party to the action more than two years after the right of action accrued, plaintiff's action was barred by the statute and ordered the cause dismissed as to her, and plaintiff appeals.

Plaintiff relies on section 18 of the Limitations Act [Ill. Rev. Stat. 1937, ch. 83, § 19; Jones Ill. Stats. Ann. 107.278], which provides that, "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the times herein limited, after his coming into or return to the state . . ." Plaintiff argues that as defendant was out of the State continuously from the time the cause of action accrued until the filing of the amended complaint, defendant is "out of the State" within the meaning of section 18, and that the statute is tolled during the period of nonresidence. *Story v. Thompson,* 36 Ill. App. 370, and *Janeway v. Burton,* 201 Ill. 78, are cited in support. These cases are not in point. They simply applied the provision of the statute touching the absence of a defendant from the State. The defendants in those cases had no agent or representative in this State upon whom service could be had, which is the decisive point in the instant case.

Statutory provisions touching the right of a nonresident to the benefit of statutes of limitations, as affected by the fact that he was subject to service of process during nonresidence, have been the subject of conflicting opinions in other jurisdictions.

One of the leading cases cited in support of plaintiff's position that the statute is tolled during the absence of the defendant from the State is *Bode v. Flynn,* 213 Wis. 509. The theory of that decision apparently is that the legislature in enacting the Motor Act did not in express terms make any exception to the tolling statute, and also that it is the duty of a debtor to seek his creditor to pay his debt at the latter's domicile, and as the nonresident tort-feasor violated that duty by staying out of the injured person's domicile, he would not be allowed to take advantage of the statute under which service can be had upon a nonresident. Other cases to the same effect are *Anthes v. Anthes,* 21 Idaho 305, 121 Pac. 553; *Roth v. Holman,* 105 Kan. 175; *Keith-O'Brien Co. v. Snyder,* 51 Utah 227, 169 Pac. 954.

In 94 A. L. R. 486, it is stated that the courts so holding are in the minority, and a list of cases holding to the contrary is given. Conspicuous among these is *Coombs v. Darling,* 116 Conn. 643. In Connecticut service on a nonresident may be had upon the motor vehicle commissioner of the State; the court held that the obvious purpose of this statute is to afford a means by which the equivalent of personal service might be made upon a nonresident although he was not actually within the State, and that, as there are no limitations of time within which the substituted service must be had, the regular statutory limitations to all tort actions applies and fixes the limit of time for such service of process. This opinion is squarely in point and well reasoned. Other cases which are in

principle in accord with the Connecticut case are *Niblack v. Goodman,* 67 Ind. 174, 198; *Penley v. Waterhouse,* 1 Iowa 498; *Dent v. Jones & Pintard,* 50 Miss. 265; *Garth v. Robards,* 20 Mo. 523; *Blodgett v. Utley,* 4 Neb. 25; *Green v. Snyder,* 114 Tenn. 100; *Rutland Marble Co. v. Bliss,* 57 Vt. 23, 30; *Crowder v. Morphy,* 61 Wash. 626. To this list might be added *Malakoff v. Frye,* 284 N. Y. S. 22. The decision of that case rests upon the general theory that where personal service of summons, or its equivalent, could be had, absence from the State does not suspend the running of the statute of limitations. In *Walker v. L. E. Meyers Const. Co.,* 175 Okla. 548, 53 P. (2d) 547, it was held that if process can be served on a foreign corporation and personal judgment obtained, it is not "out of the State" within statute tolling limitations, and where process on a nonresident can be served on the secretary of State the statute of limitations is not tolled during the absence of the defendant.

In Illinois the only decision touching on the subject is *Thornton v. Nome & Sinook Co.,* 260 Ill. App. 76, where it was said that ability to obtain service of process is the test of the running of the statute of limitations. The opinion quoted from *Hamilton v. North Pac. S. S. Co.,* 84 Ore. 71, which involved a case where a nonresident corporation maintained an agent in Oregon on whom service could be had. It was there said that under such circumstances it was not out of the State so as to toll the statute, and that the reason which induced the legislature to enact the statute tolling the period of limitations (very similar to our section 18) is not applicable to any party on whom service of summons may be effected within the State at any time. In commenting upon that and other cases it was held that since process must be accepted by a nonresident corporation, "they also share the privilege with domestic corporations, of pleading the stat-

ute of limitations." The opinion quoted from *Warren v. Clemenger,* 120 Ill. App. 435: "But because time outlasts witnesses and wears away evidence of payment, it was early found necessary, for the protection of those who were once debtors, and to quiet titles, to enact a statute of repose fixing a time after the right of action accrued beyond which it could not be enforced. Accordingly, in every jurisdiction in which the common law prevails there is now to be found, in varying words, a Statute of Limitations prescribing a boundary to the right to bring an action at law. In this State the time thus limited is amply sufficient to permit a diligent creditor to enforce his claim. The statute affects the remedy merely and not the merits of the controversy. It is a statute of repose and should be construed liberally so that the object for which it was enacted may be attained."

As suggested in defendant's brief, to permit a plaintiff to defer service indefinitely when the opportunity for service is continuously open would cause a great hardship, especially where a defendant may never know until years have passed that he is charged with negligence. As was said in the instant case by the trial court, if plaintiff could wait more than two years and seven months after the cause of action accrued before making this defendant a party, then, if plaintiff's contention is well founded, she could have waited twenty-two years and seven months, or any other lengthy period, before suing this defendant, which would be intolerable and in conflict with the purpose of the statute of limitations.

The statute providing for substituted service (sec. 20a, Motor Vehicles Act, previously cited) is comprehensive and lengthy. It applies to users of motor vehicles by nonresidents on the highways of Illinois. The rights of both plaintiff and defendant are protected.

By this act the legislature obviously intended to create an exception to section 18 of the Limitations Act, which provides for the tolling of the statute while a defendant is out of the State. This is in harmony with the opinions in the greater number of cases decided in other States and also is consonant with the better reasoning.

Plaintiff's theory is in conflict with the primary purpose of the act, which is to give speedy adjudication of the respective rights of the parties and to give the plaintiff compensation for damages if so entitled. As was said in *Pawloski v. Hess*, 250 Mass. 22, 24, "the aim of the statute is to facilitate the enforcement of civil remedies by those injured in their person or property by the negligent or wanton operation of motor vehicles upon the highways of this Commonwealth."

We hold that the order of the superior court in dismissing the cause as to defendant M. E. Overlease is proper and it is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.