James JARCHOW and Farmers Insurance Exchange, a corporation, Plaintiffs in Error,

v.

Billy George EDER, Defendant in Error.

No. 40787.

Supreme Court of Oklahoma.

Sept. 19, 1967.

James D. Grigsby, Oklahoma City, for plaintiffs in error.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, Robert S. Baker, Oklahoma City, of counsel, for defendant in error.

PER CURIAM:

This action was originally instituted by James Jarchow against Billy George Eder to recover a judgment for damages to property resulting from an automobile accident. Subsequent to the institution of the action the plaintiff filed an application to substitute Farmers Insurance Exchange as the party plaintiff. However, it does not appear that this application was ever acted upon by the trial court and Farmers Insurance Exchange is therefore not a proper party to this appeal.

In this opinion the parties will be referred to by name or by reference to their trial court designations.

The automobile accident out of which this action arose occurred on July 6, 1960, in Comanche County, Oklahoma. James Jarchow, the plaintiff and owner of one of the two automobiles involved, was then a citizen and resident of the State of Texas. The other automobile was owned by the defendant, Billy George Eder, a resident and citizen of Comanche County, Oklahoma, at that time.

This action was instituted on July 24, 1962.

In his petition the plaintiff alleged that the defendant had moved from Oklahoma following the automobile accident and established his residence first in Nebraska and later in Texas and that he was a resident of Texas at the time of the commencement of this action.

The defendant was served with process in this cause by obtaining substituted service upon the Secretary of State in the manner provided by 12 O.S.1961, § 141, and 47 O.S.1961, §§ 391–395, the Nonresident Motorist Act.

The defendant demurred to the plaintiff's petition on the ground that the alleged cause of action was barred by the two year statute of limitations, 12 O.S.1961, § 95(3). The trial court overruled this demurrer when it was first presented but granted the defendant permission to present further argument in support of his demurrer at pre-trial conference. Thereafter, when the demurrer was again considered by the trial court at pre-trial conference, an order was entered sustaining the demurrer and dismissing the action. The plaintiff elected to appeal from this final order.

The plaintiff's sole contention in this appeal is that the two year statute of limitations, 12 O.S.1961, § 95(3), does not operate to bar his cause of action for the reason that the running of the limitation period was tolled by the defendant's absence from this State. It is argued that the allegation of the defendant's residency in the states of Nebraska and Texas at various times subsequent to the date of the accident was sufficient to withstand the defendant's demurrer, under the authority of 12 O.S.1961, § 98.

In support of the decision of the trial court the defendant advances the argument that the running of the statute of limitations was not tolled by the defendant's absence from the State since the plaintiff had at all times been able to obtain personal service upon the defendant by the substitute

service provided by 12 O.S.1961, § 141, and 47 O.S.1961, §§ 391–395.

It appears that the question presented by this appeal is one of first impression, for the parties have cited no decision of this court which would indicate that this problem had previously been argued here, and the court's research has not been more productive.

The clear intent and meaning of 12 O.S. 1961, § 98, is that a statute of limitation shall not continue to run during a defendant's absence from this State. Electric Supply Co. v. Garland, 188 Okl. 21, 105 P.2d 758; Wynne v. McCarthy, 10 Cir., 97 F.2d 964. Therefore, since the defendant's demurrer admitted the truth of the plaintiff's allegations concerning the defendant's absence from the State, the plaintiff's petition was sufficient to withstand the demurrer, unless the plaintiff's right to obtain service upon the defendant by substitute service under 12 O.S.1961, § 141, can be said to have rendered 12 O.S.1961, § 98, ineffective or inapplicable in this situation.

Title 12 O.S.1961, § 141, provides:

"The venue of civil actions for damages resulting from the use or operation of motor vehicles, wherein the defendant or defendants resided in the State of Oklahoma at the time of injury, shall be, at the option of the plaintiff or plaintiffs, in either of the following:

"1. In any county of Oklahoma where service of summons can be obtained upon one or more of the defendants as now provided by law.

"2. In any county where the damages or a part thereof were sustained.

"The plaintiff or plaintiffs may cause summons to issue to any county in Oklahoma for service upon one or more of the defendants. When service of summons upon one or more of the defendants cannot be obtained in Oklahoma with the exercise of due diligence, service may then be secured upon such defendant or defendants, as

now provided in Chapter 11, 47 O.S. 1951, for service upon non-resident motorists. Laws 1953, p. 49, § 1."

The Nonresident Motorist Act referred to in this statute provides that service of process may be had upon a defendant by the service of summons upon the Secretary of State and by notification to the defendant by registered mail addressed to his last known address within fifteen days thereafter.

■ It is well recognized in all jurisdictions having provisions for substituted service upon nonresident motorists that judgments granted in actions brought under these statutes are personal and of equal dignity with judgments obtained pursuant to actual personal service. The question presented here therefore is whether the plaintiff's cause of action should be barred by the two year statute of limitation, since he could have instituted the action within the period with the same right to recover a personal judgment as if the defendant had been personally served with process in this State. That the plaintiff was aware of these rights is evidenced by the fact that he did take advantage of the substitute service provisions of the Nonresident Motorist Act.

■ This court has previously held that the provisions of 12 O.S.1961, § 98, are not available to extend the period within which a cause of action can be instituted if process can be served during the entire limitation period and a personal judgment obtained. St. Louis & S. F. Co. v. Taliaferro, 67 Okl. 37, 168 P. 788, L.R.A.1918B, 994. In that case the court said:

"The theory of the statute of limitations is that it operates to bar all actions, except as against persons and corporations upon whom notice of the action cannot be served because of their being out of the state. If such notice can be served during the whole of the prescribed period, and a personal judgment obtained which can be enforced in the mode provided by law, then such person or corpo-

ration is not 'out of the state,' within the meaning of section 4660, Rev.Laws Okl.1910. * * *"

Although this case is not directly in point with the facts involved in the case on appeal here, it does serve to illustrate that the protection afforded a litigant by 12 O.S. 1961, § 98, is unnecessary when he has available to him an equal remedy under other statutory provisions during the entire limitation period. This case also points out the distinction between the case on appeal and the case of Knupp v. Hubbard, 130 Okl. 111, 265 P. 133, cited by the plaintiff, in which this court held that the fact that the defendant had property within this State did not affect the suspension of the limitation statute during his absence. Since a judgment rendered in a case in which service was obtained on the defendant through attachment of his property in this State alone would not be a personal judgment but one quasi in rem, it is obvious that the limitation statute should be tolled during the defendant's absence from the State in order that the plaintiff may have the right to seek a personal judgment against him upon his return to the State.

Although this court has not previously decided the basic question involved on this appeal the Circuit Court of Appeals for the Tenth Circuit has done so. In the case of Moore v. Dunham, 240 F.2d 198, that court considered this same problem and reached the following conclusion:

"Oklahoma courts have not construed Section 98 in connection with the provisions for service of process under the Nonresident Motorist Act. But the majority, and we think the better reasoned view, holds that provisions for substituted service of process upon a state official arising out of motor accidents within the state has the effect of nullifying any statute suspending the period of limitations. See Annotations 17 A.L.R. 2d 516; 119 A.L.R. 859; 94 A.L.R. 485; Kokenge v. Holthaus, [243] Iowa [571], 52 N.W.2d 711; Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17. Such view is said to be consistent with the purpose of substituted service, i. e. expeditious adjudication of the rights of the parties; that by creating substituted service, the legislature obviously intended to provide an exception to the suspension provision; and that a contrary conclusion would permit a plaintiff to defer the institution of his action indefinitely to the prejudice of the defendant."

█ The plaintiff in the present case did in fact resort to the statutes of this State permitting substituted service to commence his action for damages against the defendant. He could have made use of this method of service at any time following the defendant's departure from this State but he failed to take advantage of this right for more than two years. It is therefore clear that a decision of this court affirming the action of the trial court will result in no greater loss to him than to any other person who has delayed too long in perfecting his rights. On the other hand, if we were to hold that the statute of limitations had been suspended during the defendant's absence from the State, we would in effect be adopting a new limitation period for cases such as this. Since this statute was obviously intended only to protect and preserve a right for the plaintiff which might, by reason of the defendant's absence, have been impossible or impracticable for him to enforce, justice would not seem to require that the statute be applied to give him an advantage when the disability has been effectively removed by other statutory provisions.

It is true that the case of Moore v. Dunham, supra, dealt with the Nonresident Motorist Act and a non-resident defendant (47 O.S. 1961, §§ 391–395), while the present case deals with a resident motorist (12 O.S. 1961, § 141, supra) as defendant. However, in both cases substituted service was equally available. We know of no good reason why the Legislature would intend to apply

a different rule to a non-resident motorist defendant than to a resident motorist defendant who leaves the State or conceals himself inside the State so that service of process, with due diligence, cannot be obtained against him.

In enacting 12 O.S. 1961, § 141, supra, the Legislature no doubt considered the fact that witnesses to an automobile accident are harder to contact and to keep track of their whereabouts than witnesses in other types of cases.

To permit the plaintiff in a case such as this to defer the commencement of his cause of action for an indefinite period of time, when there is continuously open to him the right to commence a personal action against the defendant, would frequently result in hardship to the defendant, who might often be completely unaware of his position of peril.

This court has held that 12 O.S.1961, § 141, supra, is not an amendatory statute, but is a supplemental statute, complete in itself and not violative of the Constitution. Milburn v. Keen, Okl., 287 P.2d 899.

Judgment affirmed.

\* \* \* \* \*

This Court acknowledges the services of Austin R. Deaton, Jr., who with the aid and counsel of Calvert L. Cannon and Wayne H. Lewis, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Davison, J., for review and study, after which and upon the consideration by the Court, the foregoing opinion was adopted.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BERRY and HODGES, JJ., concur.

BLACKBIRD, J., concurs in result.

LAVENDER and McINERNEY, JJ., dissent.