Linda L. McCULLOUGH, Plaintiff in Error,

v.

James Frederick BOYD, Defendant in Error.

No. 41924.

Supreme Court of Oklahoma.

Sept. 22, 1970.

Rehearing Denied Oct. 27, 1970.

Garrison, Preston, Preston & Brown, by Denzil D. Garrison, Bartlesville, Robert M. Murphy, Stillwater, for plaintiff in error.

John R. Couch, Joanna S. Harris, Oklahoma City, for defendant in error; Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, of counsel.

WILLIAMS, Justice.

The question involved in this appeal is as to whether the statutes of limitation were tolled by change of residence of the defendant from Oklahoma to another state, after cause of action had arisen out of an automobile collision in Oklahoma prior to the filing of the petition and issuance of summons.

The collision occurred on October 28, 1960, in Payne County while defendant, resident of Ellis County, was a student in

Oklahoma State University. In January, 1962, defendant moved from Oklahoma and became a resident of the State of Montana. On October 26, 1962, plaintiff filed her petition in the District Court of Payne County.

Plaintiff repeatedly attempted service in both Payne and Ellis Counties until 1965, when it was ascertained defendant was a resident in another state. Thereupon plaintiff served defendant on June 1, 1965, under 12 O.S.Supp.1965, § 141, and 47 O.S.1961 § 391, and 47 O.S.Supp.1965 § 392.

In plaintiff's brief two questions are presented for this Court's determination:

"One question to be determined on this appeal is whether the statute of limitations was tolled when the defendant left the State of Oklahoma in January of 1962 and if so, was service properly and timely had on the defendant in Deer Lodge County, Montana on June 1, 1965, under 12 Okla. Stat. § 187, as amended in 1965.

"The second question to be determined is whether prior to May 24, 1965, the date 47 47 Okl.Stat. § 392 was amended to provide for service on residents who later became non-residents, the plaintiff could have obtained service on the defendant under 47 Okl.Stat. § 392 (1961) by virtue of the enactment of 12 Okl.Stat. § 141 in 1953."

Since this appeal has been perfected and at issue this Court decided Jarchow v. Eder, Okl., 433 P.2d 942, in which case we held:

"Title 12 O.S.1961, Sec. 141, provides for service of summons in actions for damages, resulting from the use or operation of a motor vehicle, wherein the defendant resides in the State of Oklahoma at the time of the injury, when service of summons, with due diligence, cannot be obtained in Oklahoma upon the defendant."

"The absence of a defendant from the State will not serve to suspend or toll the running of the applicable statute of limitations if there is then available to the plaintiff a method by which the equivalent of personal service can be obtained upon the defendant."

This Court followed Jarchow v. Eder, supra, in deciding the case of Lowder v. Oklahoma Farm Bureau Mutual Ins. Co., Okl., 436 P.2d 654, 656.

Another question involved in our determination of the present appeal arises by reason of a difference in the fact situation here as compared to that in the case of Jarchow v. Eder, supra. There the applicable statute of limitation had run prior to the filing of the action. Here the action was filed two days prior to the running of such statute.

The present plaintiff argues that "when a person departs the state after a cause of action accrues against him, the time of his absence shall not be computed as any part of the period within which the action must be brought," citing 12 O.S.1961 § 98 (now 12 O.S.1970 Supp. § 98).

In the case of Moore v. Dunham, 10th Cir. 1956, 240 F.2d 198, 201, the Court said:

"Oklahoma courts have not construed Section 98 in connection with the provisions for service of process under the Nonresident Motorist Act. But the majority, and we think the better reasoned view, holds that provisions for substituted service of process upon a state official arising out of motor accidents within the state has the effect of nullifying any statute suspending the period of limitations. See Annotations 17 A.L.R.2d 516; 119 A.L.R. 859; 94 A.L.R. 485; Kokenge v. Holthaus, Iowa, 52 N.W.2d 711; Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17."

Section 97 of Title 12 O.S.1961 (now 12 O.S.1969 Supp. § 97) prior to amendment in 1969 provided as follows:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or

otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

As has been noted hereinabove, after filing her action in the trial court, plaintiff made repeated efforts to get personal service on defendant in Payne and Ellis Counties within this State. She did not, however, attempt to get substituted service on defendant by service on the Secretary of State in the statutory manner as provided by 12 O.S.1961 § 141 (now 12 O.S.Supp. 1969 § 141) and Chapter 11, 47 O.S. 1951 (now Chapter 59, 47 O.S.1961 §§ 391–403 as amended), within 60 days of the filing of her action or at any other time.

Defective service fails to meet the requirements of the statute. Moore v. Dunham, supra; Myers v. Kansas O. & G. Ry. Co., 200 Okl. 676, 199 P.2d 600; Cowley-Lanter Lumber Co. v. Dow, 150 Okl. 150, 300 P. 781; Blakeney v. Francis, 105 Okl. 11, 231 P. 464.

We hold that the action from which this appeal arises was not commenced in the sense contemplated by applicable statutes, either on October 26, 1962, or within sixty days thereafter and that the running of the applicable statute (12 O.S. 1961 § 95, subdivision Third, within two (2) years,) was not tolled by Mr. Boyd's removal to Montana.

Accordingly, the judgment of the trial court is affirmed.

BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON and LAVENDER, JJ., concur.

IRWIN, C. J., and HODGES and McINERNEY, JJ., dissent.