**Roland W. KELLER, Appellant,**

v.

**Dennis Paul CRASE, Appellee.**

**No. 64327.**

Supreme Court of Oklahoma.

Feb. 7, 1989.

Leslie Reeve Reynolds, Bartlesville, for appellant.

Joseph Sharp and John Sheridan, Tulsa, for appellee.

MEMORANDUM OPINION

HARGRAVE, Chief Justice.

The issue presented herein is the same as that in *Jarchow v. Eder*, 433 P.2d 942 (Okl.1967), with the factual difference that, in the case at bar, the defendant at all times remained in the state of Oklahoma, and is alleged by plaintiff to have concealed himself therein to avoid service of process. In *Jarchow, supra*, the issue was whether Title 12 O.S.1961 § 98, which would otherwise have tolled the two-year statute of limitations in 12 O.S.1961 § 95(3), was rendered inapplicable by the availability of substituted service of process upon the defendant under 12 O.S.1961 § 141. The issue is the same in this case. It is only necessary in this case to decide whether 12 O.S.1981 § 141 provides for substitute personal service upon a defendant who remains in the state at all times but cannot be served in spite of plaintiff's due diligence.

Plaintiff was injured in an automobile accident on February 11, 1982. Plaintiff's petition against the defendant, Crase, and another was filed February 10, 1984, one day before the two-year statute of limitations ran under 12 O.S.1981 § 95 Third. Plaintiff was unable to obtain personal service on defendant until August 4, 1984, which was beyond the sixty-day period of then-effective 12 O.S.1981 § 97. Defendant was personally served in Tulsa County, after repeated attempts had been made by plaintiff to locate him in Washington Coun-

ty. Defendant moved for summary judgment, alleging that plaintiff's claim was barred by the two-year statute of limitations because the action was not commenced and service was not obtained on defendant within sixty days of filing the petition per 12 O.S.1981 § 97. Plaintiff countered that the statute of limitations was tolled, under 12 O.S.1981 § 98, because the defendant had concealed himself in order to avoid service of process. The trial court granted defendant's motion for summary judgment, and plaintiff appealed.

On appeal plaintiff argued that the trial court erred in granting defendant's motion for summary judgment because there were sufficient facts to show that defendant had concealed himself to avoid service of process and that plaintiff had used due diligence to locate defendant and that the statute of limitations was therefore tolled by 12 O.S.1981 § 98. Defendant answered that the statute of limitations was not tolled because plaintiff failed to obtain personal service on defendant by the substitute service of process available under 12 O.S.1981 § 141. Thus, defendant states, where the defendant is at all times subject to personal service, or the equivalent thereof, the statute of limitations is not tolled, citing decisions of this Court discussed herein, as well as *St. Louis & S.F.R. Co. v. Taliaferro*, 67 Okl. 37, 168 P. 788 (1917).

An examination of the pertinent statutes supports the trial court's decision. Title 12 O.S.1981 § 98 provides:

"... If, after a cause of action accrues against a person and that person leaves the state or conceals himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought. Provided, however, that if any statute which extends the exercise of personal jurisdiction of courts over a person or corporation based upon service outside this state, or based upon substituted service upon an official of this or any other state or nation, or based upon service by publication permits the courts of this state to acquire personal jurisdiction over the person, the period of his absence or concealment shall be computed as part of

the period within which the action must be brought."

The statute providing for substituted service is 12 O.S.1981 § 141, which specifies the venue of civil actions resulting from the use or operation of motor vehicles in this state, where the defendant resides in the state of Oklahoma at the time of injury. Section 141 goes on to provide:

"... The plaintiff or plaintiffs may cause summons to issue to any county in Oklahoma for service upon one or more of the defendants. When service of summons cannot be obtained in Oklahoma with the exercise of due diligence, service may then be secured upon such defendant or defendants, as now or hereafter provided in Chapter 59, 47 O.S.1961, for service upon nonresident motorists."

Section 141 is clear. In a cause of action arising from the use or operation of a motor vehicle in this state, where the defendant was a resident of Oklahoma at the time of the injury, if service of summons cannot be obtained in Oklahoma with the exercise of due diligence, service may then be secured as provided for service upon nonresident motorists. The then-applicable nonresident motorist statute was 47 O.S. 1981 §§ 391–403. Section 141 is not limited to situations where the defendant has left the state or where defendant has concealed himself to avoid service of process. This substituted service of process is made available in all motor vehicle cases when the defendant, a resident of Oklahoma at the time of the accident, cannot with due diligence be served in Oklahoma.

*Jarchow, supra*, involved the identical statutes discussed above. Therein we stated:

"This court has previously held that the provisions of 12 O.S.1961 § 98 are not available to extend the period within which a cause of action can be instituted if process can be served during the entire limitation period and a personal judgment obtained." *Id.* at p. 944.

The Court of Appeals decided that *Jarchow, supra*, was inapplicable to the facts in the instant case because in *Jarchow* the

statute of limitations had run *prior* to filing of plaintiff's petition, and plaintiff did in fact use the nonresident motorist act to effect substituted service of process to commence his action against the defendants. Thus, the Court of Appeals felt that the rationale of *Jarchow*, did not apply. Further, the Court of Appeals said, the plaintiff in the instant case had no reason to think that defendant had left the state, which would have triggered the nonresident motorist statutes. Accordingly, the Court of Appeals reversed the trial court stating: "We conclude that the trial court erred in refusing to rule that Defendant concealed himself."

The Court of Appeals misses the issue involved in this case. The issue is not whether the defendant concealed himself, which is a fact question, but whether, when plaintiff was unable to effect service upon defendant with due diligence, the plaintiff's failure to use substituted personal service of process, as provided in 12 O.S.1981 § 141, barred tolling of the statute of limitations. It is irrelevant whether the petition was filed before or after the two-year period expired. See *McCullough v. Boyd*, 475 P.2d 610 (Okl.1970). It is likewise irrelevant whether plaintiff had reason to think that the defendant left the state. In *McCullough v. Boyd, supra,* plaintiff did not learn until three years after the statute of limitations had expired that the defendant had moved to Montana, and served the defendant there. Nevertheless, the statute of limitations was held to have run because plaintiff did not avail herself of substituted personal service which was available before the statute ran.

The Court of Appeals, after citing dicta in *Jarchow, supra,* which said:

> "We know of no good reason why the Legislature would intend to apply a different rule to a non-resident motorist defendant than to a resident motorist defendant who leaves the state or conceals himself inside the state so that service of process with due diligence cannot be obtained against him,"

declined to apply *Jarchow*, stating: "... it is noteworthy that Crase [defendant herein] cited no cases in which 12 O.S.1981 § 141 has been applied where a resident motorist concealed himself inside the state. Neither has our search for such a case been fruitful."

Mere inability to find a case in which § 141 was applied to a resident defendant who concealed himself within the state does not render § 141 inapplicable in that situation, when the language of the statute does not exclude such defendant.

The decision of the trial court is in accord with prior decisions of this Court in *Jarchow, supra, Lowder v. Oklahoma Farm Bureau Mutual Insurance Company,* 436 P.2d 654 (Okl.1967), *McCullough, supra,* and *Wright v. Keiser,* 568 P.2d 1262 (Okl. 1977).

CERTIORARI HAVING PREVIOUSLY BEEN GRANTED, THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE ORDER OF THE TRIAL COURT GRANTING SUMMARY JUDGMENT IS AFFIRMED.

LAVENDER, SIMMS, DOOLIN and SUMMERS, JJ., concur.

OPALA, V.C.J., and HODGES, ALMA WILSON and KAUGER, JJ., dissent.