Ray B. SPURGIN, Appellant,

v.

Fred MIXON, Jr., Appellee.

No. 5576.

United States Court of Appeals
Tenth Circuit.

June 12, 1957.

Lon Kile, Hugo, Okl., for appellant.

James W. Shepherd, Oklahoma City, Okl. (James D. Foliart and Jake Hunt, Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

On August 8, 1956, Spurgin commenced this action against Mixon to recover damages to a tractor of Spurgin, resulting from a collision between such tractor and a trailer tractor of Mixon, in charge of an employee of Mixon, on Highway 66 in the State of Oklahoma, and alleged to have been caused by the negligence of such employee. The trial court sustained a motion for summary judgment on the ground that the action was barred by the Oklahoma two-year statute of limitation. 12 O.S.1951 § 95. Spurgin has appealed.

The facts are not in dispute. At all times here material, Mixon maintained a residence at Idabel, in McCurtain County, Oklahoma, where he resided with his family. He did not maintain a residence at any other place. He was engaged in business with his brother as a copartner, under the name of the Mixon Brothers Post Company, at Idabel, where the partnership maintained an office. It never maintained a business office at any other place than Idabel. During the period from July 16, 1954, the date of the collision, until the last of November, 1955, he made trips averaging two per month from Idabel to the State of Arkansas to buy posts. On each trip he left in the morning and returned to Idabel in the afternoon of the same day. During such periods of absence his wife was at his home and residence in Idabel.

The trailer tractor was owned by the partnership and the employee in charge of the trailer tractor at the time of the

accident was an employee of the partnership.

12 O.S.A. § 98 provides:

"Absence or flight of defendant

"If, when a cause of action accrues against a person, he be out of the State, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the State, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the State, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

12 O.S.A. § 159 provides:

"Service—How made

"The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen years of age, at any time before the return day."

It was clearly established by undisputed evidence that during the entire period from July 16, 1954, until August 8, 1956, service of summons could have been made either upon Mixon or by leaving a copy of the summons at his usual place of residence with a member of his family, his wife.

Counsel for Spurgin, however, contend that § 98, supra, was adopted from a like statute in Kansas and that under the Kansas decisions, at the time of such adoption, the fact that summons could be served upon the defendant during the period of his absence from the state does not prevent the tolling of the statute of limitations by such absence.

However, the Oklahoma decisions have not followed the Kansas decisions. In Knupp v. Hubbard, 130 Okl. 111, 265 P. 133, 135, the court said:

"This court in the case of St. Louis & S. F. R. Co. v. Taliaferro, 67 Okl. 37, 168 P. 788, L.R.A. 1918B, 994, said:

"'The theory of the statute of limitations is that it operates to bar all actions, except as against persons and corporations upon whom notice of the action cannot be served because of their being out of the state. If such notice can be served during the whole of the prescribed period, and a personal judgment obtained which can be enforced in the mode provided by law, then such person or corporation is not "out of the state" within the meaning of the section,'"

In Tucker v. Leonard, 144 Okl. 264, 291 P. 124, 133, the court said:

"The statute of limitations does not run in favor of a nonresident of the state until summons can be served within the state and a valid personal judgment be had which can be enforced in a mode provided by law."

In Bean v. Rumrill, 69 Okl. 300, 172 P. 452, 458, the court said:

"In the case last cited [St. Louis & S. F. Ry. Co. v. Taliaferro, 67 Okl. 37, 168 P. 788, L.R.A.1918B, 994] Mr. Justice Kane holds that the statutes of limitation begin to run from the time when summons can be served within the state and a valid personal judgment had which can be enforced in a mode provided by law."

In Walker v. L. E. Meyers Const. Co., 175 Okl. 548, 53 P.2d 547, 548, the court said:

"The test as to whether the statute is tolled or not seems to be whether it is possible at all times to obtain service of process upon a foreign corporation, upon which a personal judgment could be rendered, even though the foreign corporation is absent from the state and a nonresident of the state."

To the same effect see Wynne v. McCarthy, 10 Cir., 97 F.2d 964, 969.

Accordingly, we conclude that the statute of limitations was not tolled by Mixon's temporary absences from the state and that the action was barred by limitation.

Affirmed.